MORTGAGE INVESTMENT COMPANY, A CORPORATION, RESPONDENT, v. GEORGE ROBINSON AND JOHN DOE, APPELLANTS.—153 S. W. (2d) 77.

Kansas City Court of Appeals. June 16, 1941.

*O. H. Swearingen* for appellant.

*Chet D. Vance* and *W. Raleigh Gough* for respondent.

SHAIN, P. J.—The plaintiff herein filed suit in replevin in the Justice of Peace Court against defendant herein for recovery of possession of a 1935 Graham Touring Sedan automobile. Plaintiff had judgment in the Justice of Peace Court and defendant appealed. Trial was had *de novo* in the circuit court, jury was waived and trial was by the court. No declarations of law or findings of fact were requested by either party and none were made or given by the court.

Judgment in the circuit court was for plaintiff and in words and figures as follows:

"And afterwards, and on Friday, the 15th day of July, 1938, the same being the 49th day of the May, 1938, Term of said Court, the Court being fully advised in the premises, finds that the judgment of the Justice of Peace theretofore rendered in said cause, should be and the same was in all things affirmed and judgment was entered as follows: ·

" 'Wherefore, it is ordered and adjudged by the Court that the plaintiff have and retain possession of the following described property taken under Writ of Replevin herein, to-wit:

" 'One 1935 Graham Touring Sedan, Motor No. 1040070, together with all attachments, thereto and equipment thereon

" 'and that plaintiff have and recover of and from defendant and Albert Peace and John V. Nichols, Sureties, all costs herein incurred and that execution issue therefor.' "

From the aforesaid judgment, defendant has duly appealed.

The plaintiff in support of its case introduced in evidence its statement and affidavit filed in the justice of peace court. The statement and affidavit appear to be in due form. Thereafter, plaintiff introduced in evidence its certificate of title to the automobile in question, which certificate is of date of 7/31/37, and is in due form and duly certified to by the Secretary of State and the Commissioner of Motor Vehicles. Thereafter, plaintiff rested its case.

The defendant offered evidence of transaction with Champion Motors Company concerning deal with said company involving the car in issue herein. However, the defendant is not shown to have produced or offered any certificate of title in and to the motor car in question wherein his name appears as owner. The defendant gave oral testimony concerning the purchase from and representations concerning transaction with the Champion Motors Company. However, we find nothing in the defendant's evidence that tends to defeat the *prima-facie* case of ownership shown in plaintiff.

Defendant in his brief makes five assignments of error without as-

signment of a single reason or the citation of a single authority. Under points and authorities defendant states nineteen abstract propositions with citations of authority. There is nothing in the abstract points made from which we can determine as to what assignment directed, and nowhere in the assignments or points is there found any reference to the record.

As trial below was by the court and neither findings of facts or declarations of law asked or shown, it becomes our duty to affirm the judgment below under any theory justified by the pleadings and the evidence.

As plaintiff produced in evidence its certificate of title duly attested by proper authorities and as defendant has produced no certificate of ownership, attested or otherwise, wherein his name appears, there is but one course open to us on this review. [Perrin v. Johnson, 124 S. W. (2d) 551.]

Judgment affirmed. All concur.